ASPHALT PAVING & CONTRACTING CO. v. CITY OF NEW YORK.
(No. 1.)

(Supreme Court, Appellate Division, First Department. March 22, 1912.)

Appeal from Trial Term, New York County.

Action by the Asphalt Paving & Contracting Company against the City of New York. From a judgment for plaintiff and an order denying its motion for new trial, defendant appeals. Affirmed.

See, also, 134 N. Y. Supp. 439.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Terence Farley, for appellant.
L. Laflin Kellogg, for respondent.

DOWLING, J. The judgment and order appealed from will be affirmed, with costs, upon the grounds stated in the opinion in action No. 2, between the same parties (134 N. Y. Supp. 433) and upon the further ground that under the amended pleadings in this action defendant claimed that it had given notice to make the repairs in question to the Barber Asphalt Company as assignee of the Warren-Scharf Asphalt Paving Company. It was the defendant's contention that the Barber Company was acting as such assignee, but it utterly failed to sustain its contention by proof, and the verdict was therefore properly directed.

The judgment and order appealed from are therefore affirmed, with costs to respondent.

INGRAHAM, P. J., and McLAUGHLIN and MILLER, JJ., concur.

LAUGHLIN, J. (concurring). If the city had proceeded with the trial in this action under its original answer, in which it was alleged that the contractor had been duly notified under the contract to make repairs, it would have been entitled to go to the jury, on the theory which was adopted in the action by the same plaintiff against the city (134 N. Y. Supp. 433), known as No. 2, in which a verdict was rendered for the city; but counsel for the city upon the trial applied for and obtained leave to amend the answer by omitting the allegation that the contractor was duly notified, and substituting, in place thereof, an allegation that its assignee was duly notified to make repairs. Un-

der the answer as thus amended, it was incumbent on the defendant to show that the Barber Asphalt Paving Company was the assignee of the contractor, and in this it failed.   The court therefore properly directed a verdict in favor of the plaintiff for the amount owing to the contractor.